# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM OZAH, | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-18-11 |
| STATE OF MARYLAND, | * | |
| Respondent | * | |

## MEMORANDUM

Petitioner William Ozah filed a Petition for Writ of Mandamus alleging that while incarcerated at the Maryland Correctional Institution in Hagerstown, Maryland, a detainer was lodged against him by the St. Mary's County Sheriff's Department. ECF 1. Ozah indicates that he sought final disposition of the charges outlined in the detainer, but had not been brought to trial. He asks that this court dismiss the pending charges filed against him. *Id.* Subsequently, Ozah filed correspondence with the court updating his address to reflect that he is now confined at the St. Mary's County Detention Center. ECF 3.

This court does not have jurisdiction to grant mandamus relief in this instance. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. This jurisdiction does not apply to State employees, such as the Maryland Parole Commission. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent he seeks an order requiring his release from detention, the claim is a matter of state law and must first be presented to the state court for review before federal habeas relief

may be granted. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

Thus, before filing a federal habeas petition, Ozah must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Ozah does not demonstrate exhaustion, and his petition cannot proceed at this juncture.

A separate Order dismissing the petition without prejudice follows.

*CCB* 3/8/18
Catherine C. Blake
United States District Judge